FILED
2005 Nov-04 AM 11:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLIE'S CLUB, INC., | ] |
| | ] |
| Plaintiff(s), | ] |
| | ] |
| vs. | ] CV-05-CO-02189-S |
| | ] |
| MIKE HALE, et al., | ] |
| | ] |
| Defendant(s). | ] |

MEMORANDUM OF OPINION

This is an action for declaratory and injunctive relief brought pursuant to 42 U.S.C. § 1983 in which the plaintiff, Charlie's Club, Inc., claims the threatened enforcement of an Alabama statute and regulation will deprive it of rights, privileges and immunities afforded it under the First and Fourteenth Amendments to the United States Constitution.

Charlie's Club, Inc., (hereinafter, "Charlie's Club") is a Birmingham, Alabama, nightclub which is licensed to sell beer, liquor, and wine by the Alcoholic Beverage Control Board of the State of Alabama (hereinafter, "ABC Board") and which also provides live entertainment for its customers

consisting of erotic female dancers.  Charlie's Club claims that the ABC Board has threatened to enforce its Regulations 20-x-6-11(1), (1)(c) and (3), and the State, through Sheriff Mike Hale, has threatened to enforce Ala. Code § 13A-12-200.11.  Charlie's Club asserts that Regulations 20-x-6-11(1), (1)(c) and (3) and Ala. Code § 13A-12-200.11 are facially unconstitutional in that they are overbroad, content-based restrictions of protected expression.

The cause is presently before the Court for consideration of Plaintiffs' motion for temporary restraining order (Doc. 2), which is accompanied by affidavit as required by Fed. R. Civ. P. 65.  The ABC Board informed the Court that it would not enforce its regulations prior to December 1, 2005.  Sheriff Mike Hale appeared through counsel at the October 31 hearing and indicated he intended to enforce Ala. Code § 13A-12-200.11.  Accordingly, the motion for TRO is ripe as to § 13A-12-200.11 only.  The Court will withhold consideration of ABC Regulations 20-x-6-11(1), (1)(c) and (3) until the TRO hearing on the enforcement of those regulations to be held prior to December 1, 2005.

I.      Standard for Issuance of Temporary Restraining Order.

A TRO or preliminary injunction is only appropriate when the movant demonstrates that: (a) there is a substantial likelihood of success on the merits; (b) the TRO or preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that the TRO or preliminary injunction would cost to the non-movant; and (d) the TRO or preliminary injunction would not be adverse to the public interest. *Parker v. State Bd. of Pardons and Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001), *citing Zardui-Quintana v. Richard,* 768 F.2d 1213, 1216 (11th Cir. 1985).

Charlie's Club has failed to demonstrate a likelihood of success on the merits of its case.  Further, this Court is not convinced that there is a likelihood that Charlie's Club will ultimately succeed on its challenge of Ala. Code § 13A-12-200.11.  The constitutionality of Ala. Code § 13A-12-200.11 was previously challenged in *Ranch House, Inc. v. Amerson,* 146 F. Supp. 2d 1180 (N.D. Ala. 2001) (Opinion after remand.).  While the opinion in *Amerson* was subsequently vacated because of a forfeiture of the business

in question, it cast doubt on the potential success of Plaintiff's claims that Section 200.11 is content-based and overbroad.[1]

II.   Level of Scrutiny.

Analysis of a statute or regulation that restricts nude dancing must begin with a determination of whether the governmental purpose in enacting the statute was related to the content of the expression. If the governmental purpose is unrelated to the suppression of expression, intermediate scrutiny is appropriate. *Ranch House, Inc. v. Amerson*, 238 F.3d 1273, 1278 (11th Cir. 2001). In *Amerson,* the Eleventh Circuit expressed concerns with some language and legislative history of Section 200.11, but ultimately concluded that the case would be remanded to the district court to afford the state actors the opportunity to present some evidence showing that the legislature's purpose in enacting the statute was

---

[1]Section 200.11 provides, in pertinent part:
Display of genitals, etc., for entertainment purposes; violation; disposition of fines.
   It shall be unlawful for any business establishment or any private club to show or allow to be shown for entertainment purposes the human male or female genitals, pubic area, or buttocks with less than a fully opaque covering, or the showing of the female breast with less than a fully opaque covering of any portion thereof below the top of the nipple, or the depiction of covered male genitals in a discernibly turgid state. . . .

a concern over the secondary effects of nude entertainment rather than opposition to the expression.

"In determining whether the purpose of a law is to suppress protected speech, a court may examine a wide variety of materials, including the text of the statute, any preamble or express legislative findings associated with it, legislative history, and studies and information of which legislators were clearly aware." *Amerson*, 238 F.3d at 1280. After remand, Judge Robert Propst of this Court received extensive testimony from Alabama State Senator Tom Butler, who stated he was the sponsor of the Act that included Section 200.11, explained that the Legislature had considered evidence from the Madison County Sheriff's office related to certain adult clubs, and stated that the bill was aimed at problems in the community caused by nude entertainment establishments and not intended to address any specific social or moral belief. *Ranch House, Inc. v. Amerson*, 146 F. Supp. 2d 1180, 1189-93 (N.D. Ala. 2001). Judge Propst also heard from Elizabeth Irene Stanfield, a "telecommunicator" employed by the Madison County Sheriff's Department who testified she compiled information about dispatching, communications and activities of law enforcement officials responding to

dispatches with regard to several adult entertainment clubs, some nude and some not nude, during a six-month period from August 8, 1997, to February 12, 1998.  *Id.* at 1193-94.

Assuming the defendants will present the same, or similar, evidence in this action, this Court cannot say that there is a likelihood that the plaintiff will succeed in demonstrating that intermediate scrutiny is not the appropriate level by which this Court should test the challenged statute.  Accordingly, an intermediate level of scrutiny applies.

    III.   The O'Brien Factors.

"When applying intermediate scrutiny, [the Court] ask[s] whether (1) the interest allegedly served is within the power of the government; (2) the regulation furthers that interest; (3) the interest served is unrelated to free expression; and (4) any incidental restriction on First Amendment freedoms is no greater than is essential to further the asserted interest.  *Amerson*, 238 F.3d at 1285, *citing United States v. O'Brien*, 391 U.S. 367, 376-77 (1968).

In *Amerson,* the Eleventh Circuit declined to apply the *O'Brien* test to Section 200.11, leaving that task for the district court on remand.  *Amerson*, 238 F.3d at 1285.  The *Amerson* district court and two other district courts

have applied those factors and found that Section 200.11 passed constitutional muster.  *T Backs Club, Inc. v. Seaton,* 84 F. Supp. 2d 1317 (M.D. Ala. 2000)(DeMent, J.);  *The Ranch House*, 146 F. Supp. 2d 1180 (Propst, J.); *Reliford v. Whisante*, CV 98-S-1867-NE (Doc. 20) (Smith, J.).

This Court, applying the *O'Brien* analysis at the TRO stage, cannot say that it is likely that the statute will ultimately be determined to be unconstitutional.  This conclusion is buttressed by the fact that each of the three district courts that considered the statute determined it constitutional. This Court does have serious questions concerning the extent that "any incidental restriction on First Amendment freedoms is no greater than is essential to further the asserted interest."  However that concern will need to be addressed by the parties in their presentation of evidence and legal argument in the upcoming adversarial proceedings.  This Court is particularly concerned over the extent to which that statute affects other businesses, such as non-adult-only movie theaters showing "R-rated" movies.  Another matter of concern is whether the legislature went too far in its covering requirements.

The motion seeking a temporary restraining order is due to be denied. A separate order consistent with this memorandum of opinion will be issued. The parties are cautioned that the question of the constitutionality of the statute is far from resolved.

The defendants, including the State of Alabama, have not been given a meaningful opportunity to prepare for and present evidence and legal argument on the issues in this case. There was some evidence and argument presented at the hearing on the temporary restraining order, but there remain other important issues to be addressed before this case can be decided on the merits.

The Court will hold a scheduling and planning conference at **10:30 a.m. on Thursday, November 17, 2005**, in Chambers, Hugo L. Black U.S. Courthouse, Birmingham, Alabama, which all parties, through counsel, shall attend. The motion for a temporary restraining order made by the plaintiff as to the enforcement of Regulations 20-x-6-11(1), (1)(c) and (3) will be heard at **9:00 a.m. on Tuesday, November 29, 2005**, in Courtroom 7B, Hugo L. Black U.S. Courthouse, Birmingham, Alabama. The parties are to be prepared to present evidence and argument at that time as to the

challenges made by the plaintiff with regard to the enforcement of Regulations 20-x-6-11(1), (1)(c) and (3). Briefs in support of or opposition to the motion for a temporary restraining order made by the plaintiff as to the enforcement of Regulations 20-x-6-11(1), (1)(c) and (3) shall be submitted by November 10, 2005.

Done this <u>4th</u> day of <u>November 2005</u>.

                                                     _____
                                                       L. SCOTT COOGLER
                                       UNITED STATES DISTRICT JUDGE
                                                               124153